■ New York Urban League et al., Petitioners, v. Edmund M. Speer, Jr., as Trustee under the Will of Edmund M. Speer, Deceased, et al., Respondents.— Proceeding to review an order of the State Human Rights Appeal Board, dated November 23, 1971, insofar as it (1) failed to reinstate subdivision " c " of the second decretal paragraph of the order of the State Division of Human Rights, dated September 17, 1968, which made an award of $500 for counsel fees, and (2) remanded the proceeding to the Commissioner of said Division for further hearing as to damages to the complainant for mental anguish and pain and suffering. Proceeding dismissed, without costs. This court will not grant judicial review of a nonfinal order of the State Human Rights Appeal Board pursuant to section 298 of the Executive Law. Complainants must exhaust their administrative remedies before seeking judicial review as aggrieved parties. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

■ The People of the State of New York, Respondent, v. Robert Albero, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 29, 1971, convicting him of attempted burglary in the third degree, upon a guilty plea, and imposing sentence. Judgment reversed as to the sentence, on the law, and case remanded for resentencing. Defendant's sentence was illegal in that the trial court failed to order a medical examination, thereby violating the mandatory terms of section 207 of the Mental Hygiene Law. In our opinion there was a failure to comply with sections 207 and 208 of the Mental Hygiene Law, which justifies a reversal (*People* v. *Maranez*, 39 A D 2d 589; *People* v. *Batson*, 39 A D 2d 586; *People ex rel. Ali* v. *La Vallee*, 36 A D 2d 140; *People* v. *Sczerbaty*, 37 A D 2d 428; see, e.g., *People* v. *Di Vito*, 39 A D 2d 968). Rabin, P. J., Hopkins, Martuscello, Latham and Benjamin, JJ., concur.

■ The People of the State of New York, Respondent, v. William Clymer, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Westchester County, rendered September 13, 1971, committing him to an indeterminate prison term not to exceed five years. Sentence affirmed. We have considered the contention, raised by appellant, that he should have been sentenced as a narcotic addict, entitled to the benefit of commitment to the Narcotic Addiction Control Commission, and find the contention without merit (cf. *People* v. *Bennet*, 39 A D 2d 320). Rabin, P. J., Hopkins, Martuscello, Latham and Benjamin, JJ., concur.

■ The People of the State of New York, Respondent, v. John Di Giacomo, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 7, 1971, convicting him of robbery in the second degree, upon his plea of guilty, and sentencing him to a prison term of not to exceed five years. Judgment reversed as to the sentence, on the law and as a matter of discretion in the interest of justice, and case remitted to the Criminal Term for further proceedings in accordance with the views herein set forth. The plea minutes of April 21, 1971 evidence an express promise by the trial court to sentence defendant to a term of not more than five years in the custody of the Narcotic Addiction Control Commission. When defendant appeared for sentencing on December 7, 1971, however, the court mistakenly asserted that it had not made such a promise. If the promised sentence was the inducement for the guilty plea, defendant is entitled to have the promise fulfilled or, if the arrangement is to be undone, the People and defendant are entitled to be restored to the status obtaining before the plea (*People* v. *Rice*, 25 N Y 2d 822, 823). Rabin, P. J., Hopkins, Martuscello, Latham and Benjamin, JJ., concur.