■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDMOND R. DREUSIKE, Appellant.— Judgment unanimously reversed and matter remitted to Herkimer County Court for further proceedings in accordance with the following Memorandum: Upon this appeal from a judgment of conviction defendant should be permitted to withdraw his plea of guilty and to proceed to trial, if he so desires. On October 11, 1972 during the course of trial and at the conclusion of the People's case, a plea of guilty to the first count of the indictment was negotiated. At that time defendant was 20 years of age. After the defendant stated that he wanted to plead guilty, the court said: " With the understanding that it will be in full satisfaction of the indictment. It will be in full satisfaction of the indictment and that the Court will impose a reformatory sentence, do you understand that? " to which defendant responded, " Yes ". At that time neither the court nor the District Attorney was aware that defendant would become 21 years of age on November 14, 1972. After the probation report had been received defendant appeared for sentence on November 15, 1972. At that time the court stated: " The Court notes that by reason of the defendant having as of November 14, 1972 become 21 years of age that he cannot now be given a reformatory sentence. * *. * the Court cannot impose a reformatory sentence as was anticipated at the time the defendant entered a plea of guilty." Defendant, given an opportunity to speak in his own behalf, said: " I would like to say when I pleaded guilty I didn't know anything about getting sent to Attica. I wouldn't have pleaded guilty otherwise. I thought I was getting a reformatory sentence." The court imposed a sentence of an indeterminate term with a maximum of four years, and remanded defendant to the custody of the Sheriff of Herkimer County for transportation to Attica State Prison. In these circumstances, defendant must have an oppor-

tunity to withdraw his plea of guilty. By virtue of defendant's having attained the age of 21 at the time of sentence, the court was unable to fulfill the bargain which was a part of the inducement of the guilty plea. The interests of justice and proper recognition of the court's duties in relation to promises made in connection with "plea bargaining" require that the judgment be vacated and the case remitted for further proceedings in County Court (*Santobello* v. *New York,* 404 U. S. 257; *People* v. *Campana,* 33 N Y 2d 538, revg. on the dissenting opinion of the Appellate Division [40 A D 2d 833]). Because the promise of reformatory sentence is a matter of record, no hearing is required to authorize defendant's withdrawal of his plea of guilty (cf. *People* v. *McClain,* 32 N Y 2d 697). Since the promised sentence cannot be imposed in view of defendant's age, we do not remit for resentence for specific performance of the court's promise (see *People* v. *Esposito,* 32 N Y 2d 921; *People* v. *Rice,* 25 N Y 2d 822; *People* v. *Santobello,* 39 A D 2d 654). (Appeal from judgment of Herkimer County Court convicting defendant of burglary, third degree.) Present — Del Vecchio, J. P., Marsh, Witmer, Cardamone and Simons, JJ.