January 28, 1970 did play a part and contributed to the physical condition of the claimant as it existed on November 12, 1973, and which necessitated hospitalization and surgery. The board was not bound to accept his opinion *in toto,* but could adopt such conclusions as it deemed supported by the record. While the board may not speculate, it may rationalize and reason upon the record as a whole and take a realistic view in making its determination *(Matter of Manzer v Atlantic Richfield Co.,* 46 AD2d 963; *Matter of Zaepfel v du Pont de Nemours & Co.,* 284 App Div 693, affd 309 NY 962). The conflicting medical testimony presented factual issues for the board to resolve, and there is substantial evidence to support its conclusion. Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Sweeney, Mahoney and Herlihy, JJ., concur.

■ In the Matter of PEPSI-COLA ALBANY BOTTLING CO., INC., Petitioner, v DANIEL NAYLOR et al., Respondents.—Proceeding, pursuant to section 298 of the Executive Law, to review an order of the State Human Rights Appeal Board, dated January 5, 1977. The order appealed from vacated a prior order of the State Division of Human Rights (in favor of petitioner) and remanded the proceedings for "further investigation and other proceedings". Subdivision 7 of section 297-a of the Executive Law provides that the board may remand proceedings and section 298 of the Executive Law as applicable provides in part that judicial review is limited to "Any * * * respondent * * * aggrieved by any order of the board". It is clear that the administrative process is not ended by the order of the board and that nonfinal orders were not intended to be reviewed (cf. *New York Urban League v Speer,* 40 AD2d 689). In so ruling it should be understood that this court is not making any determination based on the merits of the controversy. Petition dismissed, with costs to the complainant. Koreman, P. J., Greenblott, Sweeney, Larkin and Herlihy, JJ., concur.

(May 10, 1977)

■ JOHN GRACE & CO., INC., Respondent, v STATE UNIVERSITY CONSTRUCTION FUND, Appellant.—Motion for permission to appeal to the Court of Appeals granted, without costs. No issue of fact was considered by this court. Pursuant to CPLR 5713, this court certifies that the following question of law, decisive of the correctness of its determination, has arisen, which in its opinion ought to be reviewed by the Court of Appeals: "Did Special Term err as a matter of law in denying defendant's motion to dismiss the complaint?" Koreman, P. J., Sweeney, Mahoney, Herlihy and Larkin, JJ., concur.

■ A. D. HERMAN CONSTRUCTION CO., INC., Respondent, v STATE UNIVERSITY CONSTRUCTION FUND, Appellant.—Motion for permission to appeal to the Court of Appeals granted, without costs. No issue of fact was considered by this court. Pursuant to CPLR 5713, this court certifies that the following question of law, decisive of the correctness of its determination, has arisen, which in its opinion ought to be reviewed by the Court of Appeals: "Did Special Term err as a matter of law in denying defendant's motion to dismiss the complaint?" Koreman, P. J., Sweeney, Mahoney, Herlihy and Larkin, JJ., concur.