OPINION OF THE COURT
 

 Per Curiam.
 

 Defendant George Torres appeals from an order of the Appellate Division which affirmed a judgment of Supreme Court convicting him, upon his plea of guilty, of robbery in the third degree and sentencing him to an indeterminate term with a maximum of seven years. At issue on this appeal is whether the sentencing court was required to fulfill a promise to defendant, made at the time his plea was accepted, that he would be allowed to withdraw that plea if the court were to refuse to adjudicate him a youthful offender. In light of the unusual circumstances, the order appealed from should be reversed and the case remitted to Supreme Court, Monroe County, for further proceedings in accord with this opinion.
 

 Defendant is 16 years old, undereducated and culturally disadvantaged; indeed, a perusal of the record indicates considerable weakness in his understanding and grasp of the English language. He was indicted for robbery in the second degree, assault in the second degree, and petit larceny, all stemming from an incident in which defendant, along with a 27-year-old "friend” and an unidentified third person assaulted and robbed one Nicholas Testa.
 

 Defendant was represented by the Monroe County Public Defender’s office. Following some discussion between defendant, the Assistant Public Defender, and the Assistant District Attorney in charge of the case, it was agreed that defendant would plead guilty to a reduced charge of robbery in the third degree, in full satisfaction of the indictment, if he could be assured of youthful offender treatment. This agreement was revealed to the Judge presiding, who quite properly told defendant that he could make no promise of youthful offender status until he had an opportunity to review the presentencing report (CPL 720.20, subd 1), but further stated that if it were decided not to adjudicate defendant a youthful offender, the court would give him an opportunity to withdraw his plea at that time. Before accepting the plea, the court discussed at
 
 *753
 
 some length the effect of a plea of guilty and the implications of a youthful offender adjudication. No satisfactory explanation was given, however, as to the effect of a guilty plea should the court not consider defendant a youthful offender.
 

 Several weeks later, defendant appeared for sentencing. As if for the first time, defendant’s counsel asked the court to consider youthful offender treatment. The court refused to make a youthful offender finding, and instead sentenced defendant to an indeterminate term with a maximum of seven years; but defendant was given no opportunity to withdraw his plea. No mention was made of the court’s prior promise, nor did anyone make any attempt to explain to defendant, whose lack of understanding of legal matters is plain, the significance of what was happening. Indeed, as the colloquy between defendant and court makes all too clear, even after sentence was imposed defendant remained under the misapprehension that he would be treated as a youthful offender.
 

 Initially, we reject any suggestion that the acceptance of the plea in the first place was improper in any way. The defendant was informed of the realities of his situation, as they then appeared to be, and the effect of his guilty plea should he be adjudicated a youthful offender was carefully explained to him. Unfortunately, the same punctilious process was not continued at sentencing. A fundamental part of the plea bargain was the promise by the court that if defendant were not adjudicated a youthful offender, he would be allowed to withdraw his plea. That promise, given by the State, was an essential inducement of the guilty plea, and yet it was never fulfilled due to an apparent lapse on the part of the court, the prosecutor, and the Public Defender, all agents of the State. While such a lapse is perhaps understandable in light of the heavy caseloads with which those officials are burdened, it may not serve to justify an encroachment upon the right of such a defendant to a minimal standard of fair treatment by the ultimate representatives of our criminal justice system.
 

 It is a basic principle of our law that "a guilty plea induced by an unfulfilled promise either must be vacated or the promise honored”
 
 (People v Selikoff,
 
 35 NY2d 227, 241, cert den 419 US 1122, citing
 
 Santobello v New York,
 
 404 US 257; accord
 
 People v Esposito,
 
 32 NY2d 921, 923; see, also,
 
 Chaipis v State Liq. Auth.,
 
 44 NY2d 57). No lengthy exegesis is necessary to prove that this young, unsophisticated, and untutored defendant has not been properly treated by the State.
 
 *754
 
 While the guilty plea of this 16-year-old defendant was orginally voluntary, it was in a. sense rendered involuntary
 
 ab initio
 
 by the subsequent failure of the court to fulfill the promise to allow him to withdraw that plea should the court refuse or fail to adjudicate him a youthful offender. In the space of a few short minutes, defendant’s fate was altered significantly, without any explanation by those upon whom he justifiably relied. Although the treatment he might receive as a youthful offender had been carefully explained to him when his plea was originally accepted, little or nothing was revealed to him, then or later, of the substantially different consequences of his guilty plea should the court decide not to adjudicate him a youthful offender. When the court at sentencing revealed his decision not to give defendant youthful offender treatment, he should have explained to defendant the ramifications of that decision and should have fulfilled the promise to afford defendant an opportunity to withdraw the guilty plea. The failure to do so requires a reversal.
 

 Rather than simply vacating the guilty plea, however, it is preferable to remit the matter to Supreme Court for resentencing. At that time, the court should reconsider the decision to deny defendant youthful offender treatment in light of the prior promise. Should the sentencing Judge nonetheless adhere to the decision not to adjudicate defendant a youthful offender, the court must then provide defendant with an opportunity to withdraw his guilty plea and put the People to their proof at a trial.
 

 Accordingly, the order appealed from should be reversed, and the matter remitted to Supreme Court, Monroe County, for further proceedings in accord with this decision.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in
 
 Per Curiam
 
 opinion.
 

 Order reversed, etc.