■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL BINYARD, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Brennan, J.), imposed January 14, 1980, upon his conviction of assault in the second degree, after his plea of guilty, the sentence being an indeterminate prison term of from 3 to 6 years, as a second

felony offender. Sentence reversed, as a matter of discretion in the interest of justice, and matter remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith. Defendant assaulted one Jeffrey Wilkins on a street corner in Queens. The assault came about because of an altercation over money for narcotics. Prior to the entry of a guilty plea, the defendant was informed by the court that he would be sentenced to a 2 to 4 year term if he appeared for sentencing and that a 3½ to 7 year term would be imposed if he failed to appear. Sentencing was set for September 25, 1979, at which time the defendant appeared and requested an adjournment to October 30, 1979, when the defendant appeared again and asked for a further adjournment to November 27, 1979. The defendant failed to appear for sentencing because he was allegedly in South Carolina with his sick mother. A Bench warrant was issued, but, before it was executed, the defendant surrendered himself for sentencing. On January 14, 1980 the defendant was sentenced to a 3 to 6 year prison term as a second felony offender. The defendant has a bad record consisting of drug, robbery and assault charges and related convictions. He willfully failed to appear for sentencing. Since it is not clear whether, at the time defendant pleaded guilty, the additional time for failure to appear was proffered as part of the plea bargain and rehabilitative process, was simply a threat to assure defendant's appearance at sentencing, or was to be tacked on for offending the court, this court remands for resentencing, at which time the court may sentence the defendant to a minimum of 2 years and a maximum of 4 years, or, if the court is of the opinion that greater punishment is warranted, then it should give the defendant the opportunity to withdraw his guilty plea and go to trial or elect to accept a more severe penalty proposed by the court. Damiani, J. P., Gibbons, O'Connor and Niehoff, JJ., concur.