■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ROMAN, Appellant. — Appeal (by permission) from an order of the Supreme Court, Queens County (Browne, J.), dated April 23, 1982, which denied the defendant's motion pursuant to CPL 440.20 to set aside a sentence imposed on September 21, 1979, upon his conviction of attempted robbery in the first degree, upon his plea of guilty, the sentence being an indeterminate term of imprisonment of 3½ to 7 years to run consecutive to a sentence imposed with respect to his predicate felony conviction. Order reversed, on the law and as a matter of discretion in the interest of justice, motion granted, sentence vacated, and matter remitted to the Supreme Court, Queens County, for resentencing not inconsistent herewith. The defendant was charged with two counts of robbery in the first degree committed on July 11, 1978. On June 22, 1979 the defendant entered a plea of guilty to one count of attempted robbery in the first degree in satisfaction of his pending indictment. On this appeal the People do not contest the fact that before accepting the plea Criminal Term promised the defendant a sentence concurrent with his predicate felony conviction. Nevertheless, Criminal Term sentenced defendant to a consecutive term of imprisonment of 3½ to 7 years, indicating that it was bound by the mandatory consecutive sentencing provisions found in subdivision 2-a of section 70.25 of the Penal Law. Subdivision 2-a, added by section 23 of chapter 481 of the Laws of 1978, did not become effective until September 1, 1978, some six weeks after the commission of the crimes herein. With commendable candor, the People, in response to the defendant's motion before Criminal Term, and on this appeal, conceded that the sentencing Judge's belief that he could not fulfill his promise was incorrect. Inasmuch as the minutes of the change of plea and the minutes of sentence show that the only representation or promise made to the defendant before he changed his plea was that he would be given concurrent jail time, we conclude that said promise was a primary inducement for the defendant's plea of guilty. Since there was no legal impediment to the imposition of concurrent time, the defendant should have been sentenced as promised. Lazer, J. P., Bracken, Brown and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL VARGAS, Appellant. — Judgment of the Supreme Court, Kings County (Vetrano, J.), rendered September 22, 1981, affirmed. (See *People v Moore,* 91 AD2d 1050.) Weinstein, J. P., Bracken, Brown and Niehoff, JJ., concur.