■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH VELEZ, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Cohen, J.), imposed October 13, 1982, upon his conviction of criminal sale of a controlled substance in the fifth degree, after his plea of guilty, the sentence being an indeterminate prison term of 3½ to 7 years, as a second felony offender.

Sentence reversed, as a matter of discretion in the interest of justice, and matter remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The defendant and another were indicted for the criminal sale and possession of narcotics. Prior to the entry of a guilty plea to a reduced charge the defendant was informed by the court that he would be sentenced to a 2 to 4-year prison term as a second felony offender subject to a favorable presentence report. The court went on to say that if, after reviewing the presentence report, it was of the view that a more severe sentence was mandated the defendant would be given the choice of accepting the more severe sentence or withdrawing the guilty plea without prejudice. Following a detailed allocution and acceptance of the plea, defendant's counsel made application to permit his client to remain out on $500 bail pending sentence. The People did not oppose the request, which application was granted by the court on condition that if defendant did not appear on the date scheduled for sentence, he would receive a 3½ to 7-year sentence in lieu of the promised 2 to 4-year term. Sentencing was set for October 4, 1982, at which time the defendant failed to appear. According to the defendant, he failed to appear for sentencing because he had gone to Florida to leave his son under his father's care during the period of incarceration. Four days later, on October 8, 1982, defendant was arrested at his home in Brooklyn and on October 13, 1982 he appeared before the court for sentence. Despite the prosecutor's statement that he would be satisfied with a 2 to 4-year sentence and defense counsel's arguments for such sentence, defendant was sentenced to a 3½ to 7-year prison term as a second felony offender.

In *People v Binyard* (90 AD2d 833, 834) this court held that "[s]ince it is not clear whether, at the time defendant pleaded

guilty, the additional time for failure to appear was proffered as part of the plea bargain and rehabilitative process, was simply a threat to assure defendant's appearance at sentencing, or was to be tacked on for offending the court, this court remands for resentencing, at which time the court may sentence the defendant to a minimum of 2 years and a maximum of 4 years, or, if the court is of the opinion that greater punishment is warranted, then it should give the defendant the opportunity to withdraw his guilty plea and go to trial or elect to accept a more severe penalty proposed by the court". Such is the case here. Accordingly, this matter is remitted to the Supreme Court, Kings County, for resentencing, at which time the court may sentence the defendant to the promised 2 to 4-year term, or if the court is of the opinion that greater punishment is warranted, then the defendant should be given the opportunity to withdraw his guilty plea and go to trial or to accept a more severe penalty proposed by the court. Mollen, P. J., Lazer, Bracken and Niehoff, JJ., concur.