THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIVINGSTON IFILL, Appellant.

Second Department, May 6, 1985

## APPEARANCES OF COUNSEL

*Youngs, Symons & Rinear* for appellant.

*Patrick Henry, District Attorney* (*Bennet Goodman* of counsel), for respondent.

## OPINION OF THE COURT

WEINSTEIN, J.

Defendant was charged with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree based upon an incident which occurred on October 19, 1983. It was alleged that on that occasion, defendant knowingly and unlawfully possessed a quantity of cocaine and sold it to an undercover police officer.

After agreeing to be prosecuted by superior court information in lieu of indictment, defendant waived a previously entered plea of not guilty and interposed a plea of guilty to the crime of attempted criminal sale of a controlled substance in the third degree in satisfaction of both charges. At the time the plea was taken the court promised defendant that, in the event incarceration was deemed necessary, the term imposed would not exceed 60 days. After considering defendant's probation report and noting his reputation in the community for drug sales, the court sentenced defendant to a period of probation of five years, and incarceration in the Suffolk County Jail for 90 days. Neither defendant nor his counsel raised any objection at that time to the term of incarceration imposed nor was any attempt made to withdraw the guilty plea.

On appeal, defendant raises the argument, for the first time, that the sentencing court erred in imposing a term of incarceration in excess of that promised as part of the plea agreement without having first afforded him an opportunity to withdraw his plea. We are thus presented with the question of whether a defendant's failure, at the time sentence is imposed, to either object to the court's violation of the plea agreement or to attempt to withdraw his plea of guilty and be restored to his preplea status, precludes us from granting the relief requested. We conclude that it does, except where the sentence imposed is illegal or where intervention is warranted in the interest of justice.

"It is a basic principle of our law that 'a guilty plea induced by an unfulfilled promise either must be vacated or the promise honored' " (*People v Torres,* 45 NY2d 751, 753, quoting *People v Selikoff,* 35 NY2d 227, 241, *cert denied* 419 US 1122; *People v Declemente,* 108 AD2d 868; *People v Clemons,* 70 AD2d 884, *appeal dismissed* 49 NY2d 795). Our holding herein in no way contravenes this principle. Rather, we are defining its perimeters to exclude situations where the defendant's claim has not been preserved and where the sentence imposed in lieu of that which had been promised was not abusive or illegal.

The instant case is patently distinguishable from situations where defendants, who had been promised that they would not be sentenced to jail terms, unsuccessfully moved to withdraw their guilty pleas on the day of sentencing after it had become apparent that said promises could not be kept (*People v Declemente, supra; People v Overman,* 68 AD2d 836). Nor is this a situation where the court failed to fulfill its explicit promise to afford an otherwise eligible youth who was undereducated and

not well versed in the English language, an opportunity to withdraw his plea should it decide not to adjudicate him a youthful offender (*People v Torres, supra*) or a case where the sentencing court mistakenly denied having made an express promise regarding sentencing (*People v Di Giacomo,* 40 AD2d 689). In these cases, justice demanded that the defendants be afforded the opportunity, upon remand, to withdraw their pleas. The circumstances do not compel a like result herein.

In the instant case, defendant's probation report provided a sufficient basis for the court to refuse to abide by its original promise (*see, People v Grant,* 99 AD2d 536). It is well established that "any sentence 'promise' at the time of plea is, as a matter of law and strong public policy, conditioned upon its being lawful and appropriate in light of the subsequent presentence report or information obtained from other reliable sources" (*People v Selikoff, supra,* at p 238). The sentence originally promised, i.e., a term of incarceration not to exceed 60 days, was obviously substantially below the maximum sentence of 15 years which could have been imposed for the class C felony to which defendant was pleading guilty (Penal Law § 70.00 [2]; §§ 220.39, 110.05 [4]). In view of certain adverse features of defendant's probation report, there was nothing unreasonable about the court's decision to impose a more stringent sentence than 60 days. It cannot reasonably be contended that the imposition of a 90-day as opposed to a 60-day sentence constituted an abuse of discretion (*see, People v Colon,* 91 AD2d 641; *People v Suitte,* 90 AD2d 80, 85-86).

Moreover, even were we inclined to remit the matter for resentencing on the ground that the sentencing court erred in imposing the more stringent sentence without first affording defendant the opportunity to withdraw his plea, the most defendant would be entitled to receive would be a vacatur of his plea. The Court of Appeals has rejected the general application of commercial contract law to plea negotiations inasmuch as "[t]he strong public policy of rehabilitating offenders, protecting society, and deterring other potential offenders presents considerations paramount to benefits beyond the power of individuals to 'contract' " (*People v Selikoff, supra,* at p 238). More recently, the court has ruled that a defendant must show more than just an unfulfilled promise in order to obtain specific performance of a plea agreement. A defendant must establish that vacatur of his plea would be insufficient to return him to the position he was in prior to the entry of his guilty plea (*see, People v McConnell,* 49 NY2d 340). Since a vacatur of defendant's plea would achieve

that precise result, defendant has no claim to specific performance. Nor is the vacatur of defendant's plea warranted inasmuch as defendant, who accepted the sentence imposed without objection and without moving to withdraw his plea at that time, never consented to a vacatur. Sentencing courts are without inherent power, in the absence of fraud, to vacate a plea of guilty without the consent of the defendant (*People v Prato,* 89 AD2d 860; *People v Ford,* 65 AD2d 822).

Defendant's claim is not preserved for our review. Nor is there any reason to exercise our interest of justice jurisdiction since, under the circumstances, defendant has been treated with the utmost leniency. The interest of justice is not likely to be served by allowing this defendant to belatedly withdraw his guilty plea, submit to trial or attempt to negotiate a new plea. Accordingly, the sentence appealed from should be affirmed and the matter remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

GIBBONS, J. P., BROWN and NIEHOFF, JJ., concur.

Sentence affirmed, and matter remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).