■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER J. PINAUD, Appellant.—Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (Rohl, J.), dated August 26, 1986, which, *inter alia,* denied, after a hearing, his motion, pursuant to CPL 440.10, to vacate a judgment of the same court (Rohl, J.), rendered October 17, 1984, convicting him of criminal possession of stolen property in the first degree under indictment No. 2030/83 to cover indictment No. 1811/84, upon his plea of guilty, and imposing sentence.

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, that branch of the defendant's motion which was to vacate the judgment of conviction is granted, the guilty plea is vacated, and the

matters are remitted to the County Court, Suffolk County, for further proceedings on the indictments.

As an inducement for pleading guilty to criminal possession of stolen property in the first degree, the trial court promised on May 7, 1984, and again on October 17, 1984, that the term of imprisonment would run concurrently with any prospective Federal term of imprisonment and that the State sentence would be served in a Federal facility. The court was unable to fulfill the bargain because of a legal impediment (cf., People v Roman, 97 AD2d 830), i.e., the determination of whether subsequently imposed Federal sentences would run concurrently with a previously imposed State sentence rested in the discretion of the United States Attorney General and Bureau of Prisons (see, United States v Myers, 451 F2d 402, 404; Emig v Bell, 456 F Supp 24, 29; 18 USC §§ 3568, 4082 [a], [b]; see also, Salley v United States, 786 F2d 546, 547). The interest of justice and proper recognition of the court's duties in relation to promises made in connection with plea bargaining require that the judgment be vacated and the matter be remitted for further proceedings in the County Court, at which time the defendant will be permitted, if he be so advised, to reinstate his motion to suppress physical evidence allegedly seized in a warrantless search of his automobile dismantling shop and junkyard, pursuant to Vehicle and Traffic Law § 415-a (see, People v Dreusike, 42 AD2d 920; Santobello v New York, 404 US 257; People v Selikoff, 35 NY2d 227, cert denied 419 US 1122). Rubin, J. P., Kooper, Spatt and Harwood, JJ., concur.