■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE BURTON, Appellant.—Appeal by the defendant from two judgments of the County Court, Suffolk County (Cacciabaudo, J.), both rendered August 14, 1984, convicting him of robbery in the first degree under indictment No. 361/84, and robbery in the first degree under indictment No. 362/84, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant was initially charged with committing five separate armed robberies and an additional series of grand larcenies in four separate incidents. These were consolidated

into two indictments and the defendant pleaded guilty to two counts of robbery in the first degree. At the time of the entry of the pleas, the court indicated that it would impose sentences of 3½ to 10½ years on each count to run concurrently. However, the court sentenced the defendant to two consecutive terms of 3½ to 10½ years.

While it is generally true that "a guilty plea induced by an unfulfilled promise either must be vacated or the promise honored" *(People v Selikoff,* 35 NY2d 227, 241, *cert denied* 419 US 1122; *see, People v Torres,* 45 NY2d 751, 753; *People v Declemente,* 108 AD2d 868; *People v Clemons,* 70 AD2d 884, *appeal dismissed* 49 NY2d 795), we have held that this principle is not applicable where the defendant's claim has not been preserved and where the sentence actually imposed was not abusive or illegal *(see, People v Ifill,* 108 AD2d 202).

In this case, the defendant's probation report provided a sufficient basis for the court to refuse to abide by its original promise *(see, People v Grant,* 99 AD2d 536). The defendant had been charged with five class B felonies and had made statements implicating himself in each. The defendant never challenged these statements. Under these circumstances, the sentence actually imposed was neither abusive nor illegal *(see, People v Ifill, supra,* at 204).

Nor has the defendant preserved any claim for our review. Neither the defendant nor his attorney voiced any objection to the sentence at the time of sentencing. In fact, both the defendant's attorney and the Assistant District Attorney prior to the imposition of the sentence stated that they understood that the defendant would receive consecutive sentences. Clearly, under the circumstances, there was a waiver of any rights the defendant may have had to request the fulfillment of the original promise as to sentence, or, in the alternative, the withdrawal of his guilty pleas.

It should also be noted that at the time of sentencing the court offered the defendant the opportunity to withdraw his pleas because the probation report indicated that he had denied his guilt as to one of the robberies. The defendant expressly rejected this offer and reaffirmed his guilt under oath.

Under the facts of this case, the defendant cannot now be heard to complain about the sentences imposed.—Mollen, P. J., Bracken, Lawrence, Kooper and Sullivan, JJ., concur.