◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD AITKEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Patsalos, J.), rendered July 30, 1984, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

As a general rule, "a guilty plea induced by an unfulfilled promise either must be vacated or the promise honored" (People v Selikoff, 35 NY2d 227, 241, cert denied 419 US 1122; see, People v Torres, 45 NY2d 751, 753; People v Burton, 133 AD2d 276, 277; People v Declemente, 108 AD2d 868). However,

this principle is not applicable where the defendant's claim has not been preserved and where the sentence actually imposed was not abusive or illegal *(see, People v Burton, supra,* at 277; *People v Ifill,* 108 AD2d 202). In this case, the court, at the plea hearing, initially agreed to sentence the defendant to a term of 3 to 6 years' imprisonment. At sentencing, however, the defendant was informed that given his second violent felony offender status, the legally permissible minimum term which the court could impose was 4 to 8 years' imprisonment. Defense counsel responded by stating that the sentence of 4 to 8 years was acceptable to the defendant, and the defendant voiced no objection to the imposition of such sentence. Therefore, the defendant's challenge to the propriety of the sentence has not been preserved for appellate review *(see, People v Burton, supra; People v Ifill, supra).* Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.