In the Matter of JOSE VILLAMAN, Petitioner, v WILLIAM K. NELSON et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* (1) to prohibit the respondent Nelson, a Judge of the County Court, Rockland County, from issuing an order authorizing the District Attorney of Rockland County to take samples of blood from the petitioner against his will in connection with the investigation into the death of Arsenio Velez, (2) to prohibit the respondent District Attorney from taking hair samples from the petitioner against his will pursuant to an order of the respondent Nelson dated March 29, 1990, and submitting for analysis the blood samples drawn from the petitioner on March 14, 1990, pursuant to an order of Judge Nelson dated March 8, 1990, and (3) to direct the respondent District Attorney to return those samples to the petitioner or his attorney and, in the event laboratory tests, analysis or comparisons have already been performed with respect to those blood samples, to prohibit the use of any reports generated.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements, and any temporary stays are vacated *(see, Matter of Thomas v Nelson,* 160 AD2d 1010 [decided herewith]). Mangano, P. J., Thompson, Bracken and Brown, JJ., concur.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR ALVARADO, Appellant.—Appeal by the defendant (1)

from a judgment of the Supreme Court, Kings County (Marano, J.), rendered December 12, 1985, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence, and (2) by permission, from an order of the same court (Marano, J.), dated October 17, 1988, which denied his motion pursuant to CPL 440.10 to vacate the judgment.

Ordered that the judgment and order are affirmed.

As an inducement to pleading guilty to criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree under indictment No. 6734/84, the court at the plea (Marano, J.) promised the defendant that the concurrent terms of imprisonment imposed would run concurrently with any sentence "to be imposed" on a robbery charge under indictment No. 6395/84. The defendant, who was at all times represented by the same attorney, was thereafter convicted, upon a jury verdict, of robbery in the first degree under indictment No. 6395/84 and was sentenced by the trial court (Broomer, J.) to a sentence to run consecutively to the sentence previously imposed under indictment No. 6734/84.

The defendant then moved pursuant to CPL 440.10 to vacate the judgment of conviction and his plea of guilty under indictment No. 6734/84 on the ground that the plea of guilty under this indictment had been induced by an unfulfilled promise. The Supreme Court denied the motion, and we affirm.

It is undisputed that neither the defendant nor his attorney advised the court (Broomer, J.) during sentencing on the robbery charge under indictment No. 6395/84 of the terms of the plea agreement under indictment No. 6734/84. Under these circumstances "there was a waiver of any rights the defendant may have had to request the fulfillment of the original promise as to sentence, or, in the alternative, the withdrawal of his guilty pleas" (People v Burton, 133 AD2d 276, 277; People v Ifill, 108 AD2d 202, 203; cf., People v Pinaud, 132 AD2d 580).

We have reviewed the People's alternate argument for affirmance, that the defendant breached his part of the plea agreement by going to trial, rather than pleading guilty, under indictment No. 6395/84, and find it to be without merit. A review of the plea minutes under indictment No. 6734/84, dated November 18, 1985, indicates that the court's remark

that "I assume he will take a plea [under indictment No. 6395/84]", was not an integral part of the plea agreement (see, *People v Binyard,* 90 AD2d 833, 834). Mangano, P. J., Bracken, Kunzeman and Sullivan, JJ., concur.