■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL FUENTES, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Goldberg, J.), imposed November 12, 1988.

Ordered that the appeal is dismissed (see, People v Seaberg, 74 NY2d 1). Mangano, P. J., Brown, Lawrence, Rosenblatt and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE HENRIQUEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered May 5, 1987, convicting him of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On the instant direct appeal from the judgment of conviction of the County Court, Rockland County, the defendant argues that (1) the County Court made a promise at the plea hearing that the sentence imposed would be concurrent to any sentence to be imposed in New York County for violation of probation, and (2) the sentencing court in the Supreme Court, New York County (Rothwax, J.), instead, subsequently imposed a consecutive sentence upon him. Accordingly, the defendant argues that his guilty plea in the County Court, Rockland County, was induced by an unfulfilled promise and must be vacated. However, the defendant's proper remedy with respect to this argument is by way of a motion pursuant to CPL article 440 and not by direct appeal from the judgment of conviction of the County Court, Rockland County (see, People v Alvarado, 160 AD2d 1012; People v Pinaud, 132 AD2d 580). Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.