■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY A. RHODES, Appellant. [604 NYS2d 349] —Cardona, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered December 10, 1991, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

Defendant appeals County Court's denial of his request to withdraw his guilty plea and to proceed to trial when negotiations on pending charges in Warren County were not resolved to his satisfaction. This matter must be remitted and defendant allowed to withdraw his plea and proceed to trial.

On November 6, 1991 defendant appeared in Clinton County Court. During a plea conference the District Attorney informed the court that defendant had felony charges pending in Warren County and that an offer had been made in Warren County that, if defendant pleaded guilty to a second felony there, he would be sentenced from three years to life in prison. The offer was open until November 8, 1991. After the plea had been offered, however, officials in Warren County realized that as defendant was a second felony offender, it was not legally permissible to sentence him to three years to life and that six years to life was the proper sentence. That

change of position was communicated to defendant and his attorney prior to his plea in Clinton County. After that was done, the Clinton County District Attorney proposed that if defendant pleaded guilty to the single count of the indictment as a second felony offender, he would receive a prison sentence of 2 to 4 years and the sentence would run concurrently with any sentence imposed in Warren County. Defendant asked the court that if he pleaded guilty and "if this does not go for whatever reason in Warren County * * * I reserve the right to withdraw this plea?" The court responded that if defendant pleaded guilty to criminal possession of a weapon in the third degree, he would be sentenced to 2 to 4 years as a second felony offender "and it is anticipated that you will be going back to Warren County to negotiate or work out pending matters in Warren County and if those matters · are not resolved * * * on Friday * * * then on Tuesday you will be returned here and we will continue with this trial and I will allow you to withdraw your plea". The court continued, "So if your negotiations are unsuccessful in Warren County, be assured that you will be allowed to withdraw your plea here that you have made here".

Defendant went back to Warren County and did not accept the offered plea. He returned to Clinton County and, prior to sentencing, requested to withdraw his plea and proceed to trial. County Court denied the request and sentenced defendant to a prison term of 2 to 4 years.

Case law provides that " 'a guilty plea induced by an unfulfilled promise either must be vacated or the promise honored' " (People v Torres, 45 NY2d 751, 753, quoting People v Selikoff, 35 NY2d 227, 241, cert denied 419 US 1122; accord, Santobello v New York, 404 US 257; People v Esposito, 32 NY2d 921, 923; see also, Matter of Chaipis v State Liq. Auth., 44 NY2d 57). In this case, County Court indicated to defendant that he could withdraw his guilty plea in Clinton County if "negotiations [were] unsuccessful" in Warren County. There is nothing in the record to indicate distinctly that the court conditioned this promise on a promise by defendant that he would plead guilty to the expected Warren County offer. It certainly may be argued and might be true that defendant knew exactly what the plea bargains were in both counties; however, this record is simply not clear. The People's contention that this agreement was implicit in Clinton County's offer is unsupported in the record. Therefore, defendant must be allowed to withdraw his plea and proceed to trial.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ.,

concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision.