■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN LEWIS, Appellant. [627 NYS2d 775] —Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered February 22, 1994, as amended May 25, 1994, convicting him of attempted criminal sale of a controlled substance in the third degree (two counts), upon his plea of guilty, and sentencing him to an indeterminate term of 3 to 6 years imprisonment to run consecutively to a sentence the defendant was then serving.

Ordered that the judgment as amended is affirmed.

The defendant pleaded guilty to two counts of attempted criminal sale of a controlled substance in the third degree in satisfaction of all eight counts against him, in exchange for a favorable sentence (two concurrent terms of $3^1/2$ to 7 years imprisonment). At sentencing the court erroneously directed that the sentence run consecutively, rather than concurrently, to a sentence of 3 to 6 years already being served by the defendant for another crime (Penal Law § 70.25 [2-a]). At the proceeding to amend the sentence, while the defendant was given the opportunity to speak, he neither requested to withdraw his plea nor protested that the new lesser, consecutive sentence imposed for the present offenses of 3 to 6 years imprisonment, was excessive.

As a general rule, "a guilty plea induced by an unfulfilled promise either must be vacated or the promise honored" *(People v Selikoff*, 35 NY2d 227, 241, *cert denied* 419 US 1122; *see also, People v Torres*, 45 NY2d 751, 753). However, this

principle is not applicable where, as here, the defendant's claim has not been preserved for appellate review and where the sentence actually imposed was not abusive or illegal *(see, People v Ifill,* 108 AD2d 202, 203; *see also, People v Aitken,* 148 AD2d 459, 459-460; *People v Jones,* 140 AD2d 372; *People v Burton,* 133 AD2d 276). Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.