■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DELGADO, Appellant. [815 NYS2d 482]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered May 12, 2004, as amended June 7, 2004, convicting him of burglary in the second degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The defendant's contention, raised for the first time on appeal, that his plea was not knowingly, intelligently, and voluntarily entered because the Supreme Court promised to impose $2^{1}/_{2}$ years of postrelease supervision instead of the statutorily mandated five years of postrelease supervision that it actually imposed (*see* Penal Law § 70.45 [2]), is unpreserved for appellate review (*see People v Jiggetts,* 22 AD3d 505, 506 [2005]; *People v Luddington,* 5 AD3d 1042, 1042-1043 [2004]; *People v Branch,* 2 AD3d 872 [2003]; *People v Hollis,* 309 AD2d 764, 765-766 [2003]; *People v Matthews,* 306 AD2d 863, 864 [2003]; *People v Lewis,* 216 AD2d 328 [1995]; *People v Moore,* 155 AD2d 696 [1989]; *People v Aitken,* 148 AD2d 459, 460 [1989]; *People v Ifill,* 108 AD2d 202, 203 [1985]; *cf. People v Catu,* 4 NY3d 242 [2005]). We decline to review this issue as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). Crane, J.P., Goldstein, Rivera and Dillon, JJ., concur.