■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY D. GANOE, JR., Appellant. [817 NYS2d 639]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered September 12, 2005, convicting him of criminal possession of stolen property in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his plea of guilty was induced by an unfulfilled promise and, therefore, he should have been permitted to withdraw his plea (*see People v Torres,* 45 NY2d 751, 753 [1978]; *People v Selikoff,* 35 NY2d 227, 241 [1974], *cert denied* 419 US 1122 [1975]; *People v Burton,* 133 AD2d 276, 277 [1987]; *People v Declemente,* 108 AD2d 868 [1985]). However, this principle is not applicable where the defendant's claim has not been preserved for appellate review and where the sentence actually imposed was not abusive or illegal (*see People v Lewis,* 216 AD2d 328 [1995]; *People v Burton,* 133 AD2d at 277, *supra*; *People v Ifill,* 108 AD2d 202, 203 [1985]). At the time of the plea, the court offered the defendant a sentence of six months incarceration and probation subject to an evaluation. The defendant expressly rejected this offer and indicated that he preferred an indeterminate term of incarceration of 1 to 3 years. At

the time of sentencing, when the court reiterated that it had originally offered a sentence of six months' incarceration and probation, the defendant interjected that he wanted to go to prison and that the length of the sentence did not matter. After reviewing the probation report, the court imposed an indeterminate term of incarceration of 1⅓ to 4 years. Neither the defendant nor his attorney objected to the sentence at the time of sentencing. Under the circumstances, the court did not err in failing to, sua sponte, afford the defendant the opportunity to withdraw his plea of guilty (*see People v Ifill, supra*). Further, no circumstances in this case warrant a modification of the defendant's sentence in the interest of justice (*see People v Suitte,* 90 AD2d 80 [1982]). Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.