■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELA MARINARO, Appellant. [846 NYS2d 344]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered February 16, 2006, convicting her of manslaughter in the first degree, upon her plea of guilty, and imposing sentence, and (2) a resentence of the same court imposed April 3, 2006, sentencing her to a determinate term of imprisonment of 7½ years and a 5-year period of postrelease supervision.

Ordered that the appeal from so much of the judgment as sought review of the sentence is dismissed, as that portion of the judgment was superseded by the resentence; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that the resentence is modified, as a matter of discretion in the interest of justice, by reducing the period of postrelease supervision from 5 years to 2½ years; as so modified, the resentence is affirmed.

The defendant pleaded guilty to manslaughter in the first degree, with the understanding that she would be sentenced to a determinate term of imprisonment of 7½ years. Thereafter, the Supreme Court sentenced the defendant to a 7½-year prison term. At a subsequent resentencing proceeding, the court added a 5-year period of postrelease supervision to the defendant's sentence.

Since the Supreme Court failed to advise the defendant during the plea proceeding that her sentence would include a period of postrelease supervision, the defendant is entitled to vacatur of her guilty plea (*see People v Catu*, 4 NY3d 242 [2005]). On appeal, however, the defendant informs this Court that she does not wish to withdraw her plea. Instead, she seeks a modification of her sentence to a 5-year term of imprisonment and a 2½-year period of postrelease supervision, so as to give effect to the Supreme Court's alleged promise to impose a 7½-year sentence.

To the extent that the defendant's claim is based upon the Supreme Court's failure to advise her of the postrelease supervision component of her sentence at the plea proceeding, thus preventing her from making a voluntary and intelligent choice among alternative courses of action, the proper remedy is vacatur of the defendant's guilty plea (*see People v Hill*, 9 NY3d 189, 191 [2007] ["In that the constitutional defect lies in the plea itself and not in the resulting sentence, vacatur of the plea is the remedy for a *Catu* error"]; *see also People v Van Deusen*, 7 NY3d 744 [2006]; *People v Catu*, 4 NY3d at 244, 245). "The failure to inform a defendant of the postrelease supervision component of a sentence does not, in and of itself, provide a basis for modifying the sentence" (*People v Housman*, 291 AD2d 665, 667 [2002]; *see People v Boyce*, 12 AD3d 728, 729 [2004]; *People v Vahedi*, 305 AD2d 866 [2003]; *People v Lack*, 299 AD2d 872 [2002]).

To the extent that the defendant's claim is based upon the Supreme Court's failure to fulfill its alleged sentencing promise (*see People v Selikoff*, 35 NY2d 227, 239 [1974], *cert denied* 419 US 1122 [1975]), it is not preserved for appellate review. The principle that a promise which induces guilty plea must be honored "is not applicable where . . . the defendant's claim has not been preserved for appellate review and where the sentence actually imposed was not abusive or illegal" (*People v Lewis*,

216 AD2d 328, 329 [1995]; *see People v Ganoe,* 31 AD3d 463 [2006]; *People v Ifill,* 108 AD2d 202 [1985]). At the resentencing proceeding in this case, the defendant did not argue that the addition of the period of postrelease supervision violated a promise made at the plea proceeding, or otherwise object to the amendment of the sentence. Nor was the sentence that was ultimately imposed abusive or illegal. Thus, the defendant is not entitled to a sentence modification to fulfill the alleged sentencing promise.

The resentence imposed was excessive to the extent indicated herein. Goldstein, J.P., Fisher, Carni and McCarthy, JJ., concur.