■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER LODGE, Appellant. [863 NYS2d 816]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Grosso, J.), rendered February 26, 2007, convicting him of sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing before a different justice in accordance herewith.

The defendant pleaded guilty to sexual abuse in the first degree, with a promise of six months' imprisonment, plus probation. Additionally, the court agreed to consider whether or not it would grant the defendant youthful offender treatment. As part of the plea bargain, the defendant, inter alia, waived his right to appeal. For their part of the plea bargain, the People, among other things, explicitly promised to take no position at sentencing as to whether or not the defendant was to be given youthful offender treatment.

At the sentencing, in spite of that promise, the People told the court that they were strongly opposed to the defendant receiving youthful offender treatment based upon the circumstances of the case. Although the defendant did not object to the People's comments and did not seek to withdraw his plea, his counsel strenuously argued for youthful offender treatment. The court denied that request.

Contrary to the People's contention, this issue is not barred by the waiver of the right of appeal. It involves post-plea conduct not covered by that waiver (*see People v Stowe,* 15 AD3d 597 [2005]; *People v Miles,* 268 AD2d 489 [2000]).

"The principle that a promise which induces [a] guilty plea must be honored 'is not applicable where . . . the defendant's claim has not been preserved for appellate review and where the sentence actually imposed was not abusive or illegal' " (*People v Marinaro,* 45 AD3d 867, 868-869 [2007], quoting *People v Lewis,* 216 AD2d 328 328-329 [1995]; *see People v Taubenkraut,* 48 AD3d 598 [2008]). The sentence that was imposed, the agreed-upon term of 6 months' incarceration and 10 years' probation, was neither illegal nor abusive. Since the defendant failed to preserve for appellate review the issue of the People's failure to keep their commitment, it is not reviewable as a matter of law.

However, the action of the People in arguing to the court that the defendant should not receive youthful offender treatment, after explicitly promising not to do so, was blatantly unfair and offends our sense of justice and integrity. Accordingly, we reach this issue in the exercise of our interest of justice jurisdiction and remit the matter to the Supreme Court, Queens County, for resentencing. Upon remittal, the People shall abide by their promise to state that they take no position with regard to the granting of youthful offender treatment to the defendant. Mastro, J.P., Florio, Dickerson and Belen, JJ., concur.