■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEZINE MURRAY, Appellant. [869 NYS2d 344]—

Contrary to the People's contention, the defendant's purported waiver of his right to appeal cannot be considered knowing, voluntary, and intelligent, as the defendant was incorrectly informed, in a preprinted waiver form, that his right to appeal did not include the right to appellate review of his sentence on the ground that it was excessive (*see People v Cruz*, 54 AD3d 962 [2008]; *People v Williams*, 52 AD3d 748, 749 [2008]; *People v Pittman*, 48 AD3d 709 [2008]; *People v Hurd*, 44 AD3d 791 [2007]; *People v Rose*, 236 AD2d 637 [1997]; *People v Rolon*, 220 AD2d 543 [1995]). Furthermore, contrary to the People's contention, the defendant, who argued at sentencing that he should be afforded youthful offender treatment, did not waive (*cf. People v Berry*, 233 AD2d 336 [1996]; *People v Maybeck*, 157 AD2d 861 [1990]; *People v Belsito*, 130 AD2d 583, 583-584 [1987]; *People v Polansky*, 125 AD2d 342, 343 [1986]), or fail to preserve for appellate review (*see* CPL 470.05 [2]; *cf. People v Warde*, 45 AD3d 879, 880 [2007]), his argument that he should have been afforded such treatment. Accordingly, we review that argument (*see People v Joseph*, 50 AD3d 1159, 1160 [2008]), but find it to be without merit, since youthful offender treatment was not warranted under the circumstances of this case.

The defendant's contentions concerning the Supreme Court's alleged failure to fulfill its sentencing promise are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Ifill*, 108 AD2d 202 [1985]), and we decline to reach those contentions in the exercise of our interest of justice jurisdiction. Skelos, J.P., Santucci, Dillon and Covello, JJ., concur.