Memorandum: On appeal from a judgment convicting him, following a jury trial, of two counts of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that he was denied the right to a fair trial when the prosecutor impeached his trial testimony by cross-examining him with respect to his pretrial silence concerning exculpatory information omitted from his pretrial statement to the police but included in his direct testimony at trial. We reject that contention. Although a prosecutor generally may not use the pretrial silence of a defendant to impeach his or her trial testimony (*see People v Conyers*, 52 NY2d 454, 457-459 [1981]), that general rule does not apply where, as here, "a defendant speaks to the police and omits exculpatory information which he [or she] presents for the first time at trial" (*People v Prashad*, 46 AD3d 844 [2007], *lv denied* 10 NY3d 815 [2008]; *see People v Bruno*, 34 AD3d 220 [2006], *lv denied* 8 NY3d 878 [2007]; *People v Mosby*, 239 AD2d 938 [1997], *lv denied* 90 NY2d 942 [1997]; *see generally People v Savage*, 50 NY2d 673, 680-681 [1980], *cert denied* 449 US 1016 [1980]). We also reject the contention of defendant that he was denied the right to a fair trial when the prosecutor asked him two questions on cross-examination that violated County Court's *Sandoval* ruling. Defendant failed to object to the court's curative instructions with respect to the questions on cross-examination and thus failed to preserve for our review his contention that those instructions were insufficient to alleviate the prejudicial effect of the cross-examination (*see People v Santiago*, 52 NY2d 865 [1981]; *People v Ware*, 28 AD3d 1124, 1125 [2006], *lv denied* 7 NY3d 852 [2006]). We note in any event that the jury is presumed to have followed the court's curative instructions (*see Ware*, 28 AD3d at 1125; *People v Mims*, 278 AD2d 822 [2000], *lv denied* 96 NY2d 832 [2001]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Smith, Centra and Fahey, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v XAVIER PRIMM, Appellant. (Appeal No. 1.) [869 NYS2d 846]

Same memorandum as in *People v Primm* (57 AD3d 1525 [2008]). Present—Scudder, P.J., Smith, Centra and Fahey, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v XAVIER PRIMM, Appellant. (Appeal No. 2.) [870 NYS2d 188]

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Defendant was sentenced to a determinate term of imprisonment of three years and a three-year period of postrelease supervision. In appeal No. 2, defendant appeals from a resentence pursuant to which he was resentenced to a determinate term of imprisonment of three years and a five-year period of postrelease supervision. Initially, we note that, because the sentence in appeal No. 1 was superseded by the resentence in appeal No. 2, the appeal from the judgment in appeal No. 1 insofar as it imposed sentence must be dismissed (*see People v Haywood*, 203 AD2d 966 [1994], *lv denied* 83 NY2d 967 [1994]; *see also People v Marinaro*, 45 AD3d 867 [2007], *lv denied* 11 NY3d 790 [2008]). Indeed, the sole contention of defendant on appeal concerns the resentence in appeal No. 2. Defendant contends that Supreme Court erred in resentencing him, and that the original three-year period of postrelease supervision should be reinstated. Although the court erred in resentencing defendant without first affording him the opportunity to withdraw his plea, the proper remedy for that error would be vacatur of the plea, and defendant has expressly rejected that remedy on appeal (*see People v Dean*, 52 AD3d 1308 [2008], *lv denied* 11 NY3d 736 [2008]; *see also Marinaro*, 45 AD3d at 868). Because the illegal sentence of a three-year period of postrelease supervision cannot be reinstated (*see generally People v Barber*, 31 AD3d 1145), we therefore affirm the resentence in appeal No. 2. Present—Scudder, P.J., Smith, Centra and Fahey, JJ.

In the Matter of FONCHASITY H. and Another, Infants. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, Respondent; TERRY H., Appellant. [870 NYS2d 660]—