Same memorandum as in *People v Primm* (57 AD3d 1525 [2008]). Present—Scudder, P.J., Smith, Centra and Fahey, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v XAVIER PRIMM, Appellant. (Appeal No. 2.) [870 NYS2d 188]

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Defendant was sentenced to a determinate term of imprisonment of three years and a three-year period of postrelease supervision. In appeal No. 2, defendant appeals from a resentence pursuant to which he was resentenced to a determinate term of imprisonment of three years and a five-year period of postrelease supervision. Initially, we note that, because the sentence in appeal No. 1 was superseded by the resentence in appeal No. 2, the appeal from the judgment in appeal No. 1 insofar as it imposed sentence must be dismissed (*see People v Haywood*, 203 AD2d 966 [1994], *lv denied* 83 NY2d 967 [1994]; *see also People v Marinaro*, 45 AD3d 867 [2007], *lv denied* 11 NY3d 790 [2008]). Indeed, the sole contention of defendant on appeal concerns the resentence in appeal No. 2. Defendant contends that Supreme Court erred in resentencing him, and that the original three-year period of postrelease supervision should be reinstated. Although the court erred in resentencing defendant without first affording him the opportunity to withdraw his plea, the proper remedy for that error would be vacatur of the plea, and defendant has expressly rejected that remedy on appeal (*see People v Dean*, 52 AD3d 1308 [2008], *lv denied* 11 NY3d 736 [2008]; *see also Marinaro*, 45 AD3d at 868). Because the illegal sentence of a three-year period of postrelease supervision cannot be reinstated (*see generally People v Barber*, 31 AD3d 1145), we therefore affirm the resentence in appeal No. 2. Present—Scudder, P.J., Smith, Centra and Fahey, JJ.