The People of the State of New York, Respondent, 
against
Keisha Graham, Appellant.



Appeal from judgments of the Justice Court of the Town of Mount Pleasant, Westchester County (Nicholas C. Maselli, J.), rendered April 2, 2015. The judgments convicted defendant, upon her pleas of guilty, of criminal possession of stolen property in the fifth degree and petit larceny, respectively, and sentenced her to two consecutive six-month terms of imprisonment.




ORDERED that the judgments of conviction are affirmed.
Defendant pleaded guilty to criminal possession of stolen property in the fifth degree (Penal Law § 165.40) and petit larceny (Penal Law § 155.25), and was sentenced to two consecutive six-month terms of imprisonment. Thereafter, in an affidavit of errors, defendant alleged that, prior to pleading guilty to the charges, she had been promised that the six-month sentence to be imposed by the court upon her conviction of criminal possession of stolen property in the fifth degree would run concurrently with the six-month sentence to be imposed upon her conviction of petit larceny. The affidavit of errors further indicated that the two misdemeanor waiver of rights forms that had been signed by defendant at the time that she had entered her guilty pleas reflect the promise to impose concurrent sentences. Defendant has served her sentences. On appeal, defendant contends that the promise of sentence was not fulfilled and she was not afforded an opportunity to withdraw her plea.
While it is generally true that "a guilty plea induced by an unfulfilled promise either must be vacated or the promise honored" (People v Torres, 45 NY2d 751, 753 [1978] [internal quotation marks and citations omitted]), the issue has not been preserved for appellate review since the record fails to indicate that defendant objected to the alleged violation of the plea agreement when the sentences were imposed, and we decline to exercise our interest of justice jurisdiction (see CPL 470.15 [3] [c]; People v Murray, 57 AD3d 921 [2008]; People v Ganoe, 31 AD3d 463 [2006]; People v Ifill, 108 AD2d 202 [1985]; cf. People v DeClemente, 108 AD2d 868 [1985]).
Defendant's remaining contention, that she was not afforded an opportunity to withdraw her guilty pleas once the court had not fulfilled its promise, was not raised in the affidavit of errors and there is no evidence to support such a claim in the court's return (see People v Angel, 39 Misc 3d 149[A], 2013 NY Slip Op 50946[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]). 
Accordingly, the judgments of conviction are affirmed.
Brands, J.P., Marano and Tolbert, JJ., concur.
Decision Date: November 28, 2016