■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN WOODS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered July 9, 1981, convicting him of rape in the first degree, upon his plea of guilty, and imposing sentence as a juvenile offender.

Ordered that the judgment is affirmed.

The defendant, who was 15 years old at the time the crime was committed, contends that the court erred in denying his motion to remove the case to Family Court (see, CPL 210.43). The decision to remove a juvenile offender case to the Family Court is discretionary and is proper only in exceptional cases (see, Matter of Vega v Bell, 47 NY2d 543; People v Sanchez, 128 AD2d 816, lv denied 70 NY2d 655). Where, as here, no right of constitutional dimension or a jurisdictional defect in the proceedings is implicated, the guilty plea constitutes a waiver of the right to raise this issue on appeal (cf., People v Taylor, 65 NY2d 1).

The defendant also contends that he should have been adjudicated as a youthful offender. The plea minutes reveal that the defendant was advised twice by the court that it was unlikely to grant him youthful offender treatment. At sentencing the defendant did not move to withdraw his plea after the court determined that that treatment was inappropriate. Under these circumstances, the defendant has waived the right to contest this issue on appeal (see, People v Polansky, 125 AD2d 342). In any event, the court did not improvidently exercise its discretion in denying the defendant youthful offender treatment in light of his admitted active participation with four other males in the rape of a young woman (see, e.g., People v Hall, 129 AD2d 814). Furthermore, the defendant received the benefit of a plea bargain in that the minimum possible sentence was imposed (see, e.g., People v Locke, 119 AD2d 834). Eiber, J. P., Kooper, Spatt and Harwood, JJ., concur.