■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SLOAN MAYBECK, Appellant.—Appeals by the defendant from three judgments of the County Court, Suffolk County (Sherman, J.), each rendered February 17, 1989, convicting him of robbery in the first degree as a juvenile offender under indictment No. 1634/88, burglary in the third degree under indictment No. 1706/88, and robbery in the first degree under indictment No. 1717/88, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends, *inter alia,* that he should be adjudicated a youthful offender. The plea minutes reveal that the defendant was advised that the court would consider granting him youthful offender status but that it would make no promises in this regard. The court stated its intentions regarding the term that would be imposed in the event youthful offender treatment were denied. At sentencing, the defendant did not move to withdraw his pleas or otherwise object to the sentences when it became clear that he would not be afforded youthful offender treatment. As a result, the defendant has waived his right to contest this issue on appeal *(see, People v Woods,* 143 AD2d 1068; *People v Polansky,* 125 AD2d 342; *People v Ifill,* 108 AD2d 202). We find, in any event, that the sentencing court did not improvidently exercise its discretion in denying the defendant youthful offender treatment, in light of the facts and circumstances underlying the crimes of which he was convicted *(see, People v Carter,* 143 AD2d 925; *People v Woods, supra).*

We have examined the defendant's remaining contentions, including his claim that the sentence imposed was excessive, and find them to be without merit. Mollen, P. J., Brown, Eiber and Kunzeman, JJ., concur.