(March 11, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBIE JO METTLER, Appellant. [687 NYS2d 205] —Graffeo, J. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered August 12, 1996, convicting defendant upon her plea of guilty of the crimes of burglary in the first degree and absconding from temporary release in the first degree.

Defendant pleaded guilty to the crimes of burglary in the first degree and absconding from temporary release in the first degree in full satisfaction of a nine-count indictment, with the understanding that if she were denied youthful offender status, a minimum prison sentence of 3 to 6 years and maximum of $12^{1}/_{2}$ to 25 years could be imposed. The charged crimes arise out of events which occurred when defendant, then 17 years of age, entered the home of the 74-year-old victim, who had previously employed defendant, wrapped her in a bed sheet, beat her, tied her hands and robbed her. Defendant thereafter stole the victim's car and used it to help an acquaintance abscond from the custody of the Division for Youth.

Following a hearing, County Court denied youthful offender status and sentenced defendant to an indeterminate term of 7 to 14 years in prison. On this appeal defendant contends that the court abused its discretion in refusing to adjudicate her a youthful offender or, alternatively, that the sentence imposed was harsh and excessive.

We disagree. It is well settled that "[t]he granting of youthful offender treatment rests entirely with the court's discretion and depends upon the facts of each individual case" (*People v Diaz*, 221 AD2d 749, 750, *lv denied* 87 NY2d 921). Defendant's lack of prior criminal convictions notwithstanding, in light of the violent nature of the crime and the fact that it was premeditated, we cannot conclude that County Court abused its discretion in denying youthful offender status (*see, People v Roy*, 245 AD2d 878; *People v Woods*, 239 AD2d 630, 631, *lv denied* 89 NY2d 1103). We are similarly unpersuaded by defendant's assertion that her sentence was harsh and excessive and see no reason to disturb the sentence imposed by County Court (*see, e.g., People v Baker*, 253 AD2d 943, 944; *People v Abrams*, 203 AD2d 723, 725, *lv denied* 83 NY2d 963).

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the judgment is affirmed.