◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACOB J. IRISH, Appellant. [778 NYS2d 329]—Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered February 27, 2003, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with robbery in the second degree. He pleaded guilty to attempted robbery in the second degree in full satisfaction of the charge and agreed to waive his right to appeal except issues relating to sentencing. At the time of his plea, no sentencing promises were made. In fact, County Court advised defendant of all of the various sentencing options available to it. At sentencing, the court declined to treat defendant as a youthful offender, citing the fact that while in jail defendant provided assistance to others which led to the commission of another robbery. County Court sentenced defendant to two years in prison, to be followed by a three-year period of postrelease supervision.

First, defendant contends that County Court erred in refusing to accord him youthful offender treatment. As defendant did not object to the sentence or seek to withdraw his plea, this issue has not been preserved for our review (*see People v Maybeck*, 157 AD2d 861 [1990], *lv denied* 75 NY2d 968 [1990]). In any

event, the court did not improvidently exercise its discretion in denying defendant youthful offender treatment under the circumstances of this particular case (*see People v Roger*, 287 AD2d 747 [2001]).

Next, defendant argues that his sentence is harsh and excessive. We disagree. Defendant was fully apprised of the range of sentences that could be imposed both if he were adjudicated a youthful offender and if he were not. He did not enter his plea in reliance on the fact that he would receive youthful offender treatment. Therefore, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Vedder*, 1 AD3d 803 [2003], *lv denied* 1 NY3d 602 [2004]; *People v Lloyd*, 249 AD2d 623 [1998]; *People v Gaines*, 234 AD2d 712 [1996], *lv denied* 89 NY2d 1011 [1997]).

Crew III, J.P., Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.