■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN R. DIGGES, Appellant. [781 NYS2d 794]—

Crew III, J.P. Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered May 7, 2002, convicting defendant upon his plea of guilty of two counts of the crime of robbery in the second degree.

Defendant and three others were indicted and charged with two counts of robbery in the second degree in connection with the holdup of a convenience store in the Town of Thurman, Warren County. Defendant subsequently pleaded guilty as charged and was sentenced to concurrent six-year prison terms on each charge. Defendant now appeals, contending that his sentence constituted an abuse of discretion.

We affirm. Turning first to County Court's denial of youthful offender status, we note that defendant has failed to preserve this issue by appropriate motion before County Court (*see People v Irish*, 8 AD3d 830 [2004]; *see also People v Noboa*, 280 AD2d 558 [2001], *lv denied* 96 NY2d 804 [2001]). Regardless, inasmuch as County Court appropriately considered the gravity of the instant crime and defendant's role therein, the recommendations of the Probation Department and prior acts of violence, as well as all mitigating factors, we discern no abuse of discretion warranting our intervention (*see* CPL 720.20 [1];

*People v Boyce,* 2 AD3d 984, 987 [2003], *lv denied* 2 NY3d 796 [2004]; *People v Ferguson,* 285 AD2d 901, 901 [2001], *lv denied* 96 NY2d 939 [2001]). Defendant, who was 16 years old at the time of the offense, admitted to entering the store in question and restraining the elderly clerk with duct tape to facilitate the theft of cash, lottery tickets and cigarettes. In the course of the victim's restraint, she was knocked over and sustained injuries as a result. Although the record reflects that defendant previously was diagnosed with attention deficit hyperactivity disorder and exhibits signs of substance abuse, it also reveals that defendant displayed little remorse or empathy concerning his acts and has demonstrated antisocial behavior in the past. Accordingly, we find no abuse of discretion in County Court's denial of youthful offender status. Similarly, we find no extraordinary circumstances warranting reduction of defendant's sentence in the interest of justice (*see People v Irish, supra* at 831; *People v Crow,* 284 AD2d 653, 654 [2001], *lv denied* 96 NY2d 900 [2001]).

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.