# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

639
KA 15-01803
PRESENT: PERADOTTO, J.P., CARNI, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

NICOLAS WEATHINGTON, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Erie County Court (Sheila A. DiTullio, J.), rendered July 22, 2014. Defendant was resentenced following his conviction, upon his plea of guilty, of robbery in the second degree and burglary in the second degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law § 160.10 [1]) and burglary in the second degree (§ 140.25 [2]) and, in appeal No. 2, he appeals from the resentence on that conviction. We note at the outset that, inasmuch as the sentence in appeal No. 1 was superseded by the resentence in appeal No. 2, the appeal from the judgment in appeal No. 1 insofar as it imposed sentence must be dismissed (*see People v Primm*, 57 AD3d 1525, 1525, *lv denied* 12 NY3d 820).

We otherwise affirm the judgment in appeal No. 1 and affirm the resentence in appeal No. 2. Contrary to defendant's contention, the record establishes that he knowingly, voluntarily and intelligently waived the right to appeal, and that waiver encompasses his challenge to the severity of the resentence in this case (*see People v Lopez*, 6 NY3d 248, 256; *People v Matsulavage*, 121 AD3d 1581, 1581, *lv denied* 24 NY3d 1045; *People v O'Harrow*, 107 AD3d 1601, 1601-1602, *lv denied* 21 NY3d 1076). "Defendant waived his right to appeal both orally and in writing, and the record demonstrates that County Court engage[d] . . . defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Burt*, 101 AD3d 1729, 1730, *lv denied* 20 NY3d 1060 [internal quotation marks omitted]). As the People correctly concede, however, no mention of

youthful offender status was made on the record before defendant waived his right to appeal, and thus defendant's valid waiver does not encompass his challenge to the court's denial of youthful offender status (*see People v Gibson*, 134 AD3d 1517, 1518; *People v Anderson*, 90 AD3d 1475, 1476, *lv denied* 18 NY3d 991).  We nonetheless conclude that the court did not abuse its discretion in refusing to grant defendant youthful offender status (*see People v Digges*, 10 AD3d 769, 769-770; *People v Mettler*, 259 AD2d 834, 835).  Despite the existence of some factors weighing in favor of such an adjudication, the record establishes that defendant, in concert with other individuals, engaged in a planned home invasion burglary and robbery of an 84-year-old woman during which defendant grabbed the victim by her face and mouth, causing her pain, restrained her against the rocking chair in which she was sitting, and demanded to know the location of her money (*see Digges*, 10 AD3d at 769-770; *Mettler*, 259 AD2d at 835).  Defendant and the other individuals subsequently used the victim's credit card to make several fraudulent purchases.  In addition, under these circumstances, we decline to exercise our interest of justice jurisdiction to adjudicate defendant a youthful offender (*see e.g. People v Phillips*, 289 AD2d 1021, 1022).

Entered:  July 8, 2016                              Frances E. Cafarell
                                                    Clerk of the Court